IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACEY N. THOMPSON,<br><br>   Plaintiff,<br><br>   v.<br><br>KEITH RICHARDS, MICHAEL PHILIP JAGGER,<br><br>   Defendants. | Case No.: 11-5442 JSC<br><br>**ORDER DISMISSING AMENDED COMPLAINT** |

On December 2, 2011, the Court granted Plaintiff's Application to Proceed in Forma Pauperis, but dismissed her complaint under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief could be granted.[1] The Court granted Plaintiff leave to amend her complaint and advised Plaintiff that her amended complaint must: 1) clearly and legibly state the specific facts supporting each claim, 2) identify the bases for federal jurisdiction, and 3) state a claim upon which relief could be granted. (Dkt. No. 6).

On December 9, 2011, Plaintiff filed her amended Complaint. (Dkt. No. 7). Although Plaintiff's amended Complaint stated that she would "write more later this week," more than

---

[1] On November 30, 2011, Plaintiff consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

thirty days have passed and Plaintiff has not filed anything further with the Court.  For the reasons set forth below, the Court finds that Plaintiff's amended Complaint fails to state a claim upon which relief can be granted and dismisses the Complaint without leave to amend.

Pursuant to 28 U.S.C. § 1915(e)(2), a federal court must dismiss a case in which in forma pauperis status is granted, "if the allegation of poverty is untrue," or the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  For purposes of 28 U.S.C. § 1915, a frivolous claim is one that lacks an arguable basis in either law or fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).   Allegations of a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972)( per curiam ).  However, if it appears to a certainty that a plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint, the court may sua sponte dismiss the complaint or portions of it.  Halet v. Wand Investment Co., 672 F.2d 1305, 1309 (9th Cir. 1982).  A court may dismiss an in forma pauperis complaint sua sponte under 28 U.S.C. § 1915 when the claim is "fantastic or delusional." Neitze, 490 U.S. at 328.

Here, Plaintiff's amended Complaint alleges that Defendant Mick Jagger "is illegally spending over eight days per month in our low-income hotel" and that he "yells sexually offensive remarks," "spit on me in my face," "smeared human feces all over the shower wall" and "flirts with me."  Plaintiff further alleges that Defendants Jagger and Richards "have committed a fraud.  They are using invisible chemical warfair [sic] through our radiator lines."  Plaintiff also alleges that Defendant Jagger "is demanding my help to cure his AIDS disease" and she wants "Tom and Mick to pay me for my AIDS consulting."  Finally, Plaintiff alleges that Defendant Jagger called her a "fool" and wrote a song about her called "Baby Your [sic] A Fool."

Nowhere in the Complaint does Plaintiff allege that her constitutional or statutory rights have been violated.  Further, the Complaint fails to assert any basis for federal subject matter jurisdiction.  Instead, the Complaint is replete with fantastical factual allegations,

1 which even if accepted as true and construed in the light most favorable to Plaintiff, fail to
2 state a claim upon which this federal Court could grant relief.  Accordingly, under Neitze
3 there is no arguable basis in law for the Complaint and the Court dismisses the Complaint
4 under 28 U.S.C. § 1915(e)(2)(B).

5 Generally, "[d]ismissal without leave to amend is improper unless it is clear ... that the
6 complaint could not be saved by an amendment," Moss v. U.S. Secret Serv., 572 F.3d 962,
7 972 (9th Cir. 2009), and "a pro se litigant is entitled to notice of the complaint's deficiencies
8 and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66
9 F.3d 245, 248 (9th Cir. 1995).  However, "[t]he district court's discretion to deny leave to
10 amend is particularly broad where plaintiff has previously amended the complaint." Cafasso,
11 U.S. ex rel. v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1058 (9th Cir. 2011)(internal
12 quotations and citations omitted).

13 Here, the Court previously granted Plaintiff leave to amend and instructed Plaintiff
14 regarding the deficiencies in her complaint which she would need to cure on amendment.
15 Plaintiff's amended Complaint contains the same largely incoherent allegations as her prior
16 complaint and fails to articulate any cognizable legal claims against the Defendants.  The
17 Court therefore finds that the deficiencies in the Complaint could not be cured by further
18 amendment.  The amended Complaint is dismissed with prejudice.
19 The Clerk shall close this file.
20 **IT IS SO ORDERED.**

22 Dated: January 13, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE